JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
Facsimile: (510) 637-3724
E-Mail: deborah.r.douglas@usdoj.gov

Attorneys for the United States

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 08-70575 WDB |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| CAROLYN KRAVETZ, | ) | |
| Defendant. | ) | |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that, on or about August 28, 2008, the above-named defendant was arrested based upon the attached arrest warrant issued in the District of Massachusetts under case number 08 CR 10251 JLT, upon an

■ Indictment
☐ Information
☐ Criminal Complaint
☐ Other (describe) _____

In that case, the defendant is charged with a violation of Title 18, United States Code, Section 1341 (Mail Fraud) and 26 U.S.C. Section 7206(1) (Subscribing a False Tax Return).

1

The penalties for those offenses are as follows:

<u>Mail Fraud</u> (18 U.S.C. § 1341)

Maximum Imprisonment: 30 years
Maximum Supervised Release: 5 years
Fine: $1,000,000
Special Assessment: $100.00

<u>Subscribing False Tax Return</u> (26 U.S.C. § 7206(1)

Maximum Imprisonment: 3 years
Supervised Release: 1 year
Fine: $100,000
Special Assessment: $100.00

Respectfully Submitted,

JOSEPH P. RUSSONELLO
United States Attorney

Date: August 29, 2008

*(signature)*
DEBORAH R. DOUGLAS
Assistant United States Attorney

COPY FOR INVESTIGATIVE PURPOSES

AO 442 (Rev. 10/03) Warrant for Arrest

# UNITED STATES DISTRICT COURT

District of      MASSACHUSETTS

UNITED STATES OF AMERICA

V.

CAROLYN KRAVETZ

**WARRANT FOR ARREST**

Case Number: **08 CR 10251 JLT**

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest    CAROLYN KRAVETZ

Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☒ Indictment  ☐ Information  ☐ Complaint  ☐ Order of court  ☐ Probation Violation Petition  ☒ Supervised Release Violation Petition  ☐ Violation Notice

charging him or her with (brief description of offense)

SIX COUNTS OF MAIL FRAUD AND TWO COUNTS OF SUBSCRIBING A FALSE TAX RETURN

in violation of Title  18; 26  United States Code, Section(s)  1341 and 2; 7206(1)

Name of Issuing Officer

Signature of Issuing Officer

AUG 2 8 2008

HON. ROBERT B. COLLINGS
Title of Issuing Officer UNITED STATES MAGISTRATE JUDGE
United States District Court
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 7420
Boston, Massachusetts 02210

Date and Location

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at

ORIGINAL WARRANT

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

Held by USMS Boston

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) **08 CR 10251 JLT** | |
| v. | ) | |
| | ) | VIOLATIONS: |
| CAROLYN KRAVETZ AND | ) | 18 U.S.C. §1341 |
| BORIS LEVITIN, | ) | Mail Fraud |
| Defendants. | ) | 26 U.S.C. §7206(1) |
| | ) | Subscribing a False Tax Return |

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment, unless otherwise indicated:

1. Defendant CAROLYN KRAVETZ ("KRAVETZ") was an individual who resided in Brookline, Massachusetts.

2. Defendant BORIS LEVITIN ("LEVITIN") was an individual who resided in Brighton, Massachusetts.

3. LEVITIN and KRAVETZ both attended Boston University in the 1980's. By at least August 2004, LEVITIN and KRAVETZ had become close friends, and continued their friendship through at least November 2005.

4. From approximately August 2004 to October 2005, KRAVETZ was employed as the Director of External Communications for Dunkin' Brands Incorporated, then a subsidiary of Allied Domecq, at its corporate offices in Canton, Massachusetts. During the

same period, LEVITIN was self-employed, doing business as Luminophore Inc., providing graphic design, technical publishing, and information systems services.

5. As the Director of External Communications for Dunkin' Brands, KRAVETZ had the authority to approve invoices to vendors for up $100,000.

6. From at least as early as September 2004 until November 2005, KRAVETZ had a checking account at TD Banknorth, formerly Banknorth.

7. From at least as early as September 2004 until November 2005, LEVITIN had a Luminophore Inc. checking account at Bank of America.

### THE SCHEME TO DEFRAUD

8. From in or about August 2004 and continuing until in or about October 2005, KRAVETZ and LEVITIN devised and executed a scheme to defraud Dunkin' Brands, as follows:

KRAVETZ agreed to steer Dunkin' Brands business to LEVITIN's company and LEVITIN agreed to kick back to KRAVETZ one-half of his gross receipts from Dunkin' Brands. KRAVETZ then authorized payments from Dunkin' Brands to LEVITIN's company totaling approximately $396,875, including payment in full for multiple projects on which LEVITIN had performed no work. In turn, LEVITIN kicked back to KRAVETZ approximately $198,437.50.

## EXECUTION OF THE SCHEME

9.  Beginning by in or about August 2004, and continuing to in or about October 2005, LEVITIN, d/b/a Luminophore Inc., submitted fifteen invoices to Dunkin Brands for various purported projects that were to be performed by LEVITIN for Dunkin' Brands. The fifteen invoices were submitted directly to KRAVETZ, and all fifteen were authorized for payment by KRAVETZ.

10. Of the fifteen invoiced projects, LEVITIN completed one project and performed some work on two others, but never submitted any work on the remaining twelve. Thus, with the possible exception of three projects, invoicing occurred and payment was authorized before LEVITIN had performed any work on the purported projects.

11. Between September 15, 2004, and November 9, 2005, Dunkin' Brands issued a total of six checks to LEVITIN. The checks, totaling $396,875.00, were made payable to Luminophore Inc. and represented payment on the fifteen invoiced projects. LEVITIN and KRAVETZ then shared evenly the proceeds from Dunkin' Brands. After depositing each Dunkin' Brands check into his Luminophore bank account, LEVITIN issued a check to KRAVETZ for one half the amount of the Dunkin' Brands check. KRAVETZ, in turn, deposited each Luminophore Inc. check into her personal checking account, as outlined in the following chart:

| DUNKIN BRANDS CHECKS | | | LUMINOPHORE CHECKS | | |
|---|---|---|---|---|---|
| Date | Amount | Payable to | Date | Amount | Payable To |
| 9/15/04 | $47,300 | Luminophore Inc. | 9/28/04 | $23,650 | KRAVETZ |
| 6/15/05 | $81,350 | Luminophore Inc. | 7/5/05 | $40,675 | KRAVETZ |
| 7/27/05 | $89,675 | Luminophore Inc. | 8/15/05 | $44,837.50 | KRAVETZ |
| 8/10/05 | $34,775 | Luminophore Inc. | 9/8/05 | $17,387.50 | KRAVETZ |
| 9/21/05 | $10,600 | Luminophore Inc. | 10/25/05 | $5,300 | KRAVETZ |
| 11/9/05 | $133,175 | Luminophore Inc. | 11/30/05 | $66,587.50 | KRAVETZ |
| Total | $396,875 | | Total | $198,437.50 | |

## USE OF THE MAILS

12. At times pertinent to this Indictment, it was the regular business practice of Dunkin' Brands' bank, Citibank, to process checks payable to Dunkin' Brands' vendors. These checks were printed by Citibank's printer, R.R. Donnelley, and then sent by R.R. Donnelley through the U.S. Postal Service.

### COUNTS ONE THROUGH SIX
### (Mail Fraud - 18 U.S.C. § 1341)

13. The Grand Jury re-alleges and incorporates by reference paragraphs 1-12 of this Indictment and further charges that on or about the dates set forth below, in the District of Massachusetts, defendants,

> CAROLYN KRAVETZ and
> BORIS LEVITIN,

having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises concerning material facts and matters, for the purpose of executing such scheme and artifice and attempting to do so, did knowingly cause matter and things to be delivered by the United States Postal Service according to the directions thereon, matter and things, as follows:

| COUNT | APPROX. DATE | MAILING |
|---|---|---|
| ONE | 9/15/04 | Check in the amount of $47,300 made payable to Luminophore Inc. and mailed from R.R. Donnelley, 129 Perinton Parkway, Fairport, NY 14450. |
| TWO | 6/15/05 | Check in the amount of $81,350 made payable to Luminophore Inc. and mailed from R.R. Donnelley, 129 Perinton Parkway, Fairport, NY 14450. |
| THREE | 7/27/05 | Check in the amount of $89,675 made payable to Luminophore Inc. and mailed from R.R. Donnelley, 129 |

|  |  |  |
|---|---|---|
|  |  | Perinton Parkway, Fairport, NY 14450. |
| FOUR | 8/10/05 | Check in the amount of $34,775 made payable to Luminophore Inc. and mailed from R.R. Donnelley, 129 Perinton Parkway, Fairport, NY 14450. |
| FIVE | 9/21/05 | Check in the amount of $10,600 made payable to Luminophore Inc. and mailed from R.R. Donnelley, 129 Perinton Parkway, Fairport, NY 14450. |
| SIX | 11/9/05 | Check in the amount of $133,175 made payable to Luminophore Inc. and mailed from R.R. Donnelley, 129 Perinton Parkway, Fairport, NY 14450. |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT SEVEN - 26 U.S.C. §7206(1)

14. The Grand Jury re-alleges and incorporates by reference paragraphs 1-12 of this Indictment and further charges that on or about April 13, 2005, in the District of Massachusetts, defendant,

**CAROLYN KRAVETZ,**

did wilfully make and subscribe a U.S. Personal Income Tax Return, Form 1040, for tax year 2004, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Director, Internal Revenue Service, Andover, Massachusetts, which Return CAROLYN KRAVETZ did not believe to be true and correct as to every material matter in that said Return reflected Total Income of $81,119, which sum did not include money that CAROLYN KRAVETZ received through her fraudulent arrangement with LEVITIN and Luminophore Inc.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT EIGHT - 26 U.S.C. §7206(1)

15. The Grand Jury re-alleges and incorporates by reference paragraphs 1-12 of this Indictment and further charges that on or about April 12, 2006, in the District of Massachusetts, defendant,

**CAROLYN KRAVETZ,**

did wilfully make and subscribe a U.S. Personal Income Tax Return, Form 1040, for tax year 2005, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Director, Internal Revenue Service, Andover, Massachusetts, which Return CAROLYN KRAVETZ did not believe to be true and correct as to every material matter in that said Return reflected Total Income of $162,449, which sum did not include money that CAROLYN KRAVETZ received through her fraudulent arrangement with LEVITIN and Luminophore Inc.

All in violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATIONS
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1. The allegations of Counts One through Six of this Indictment are hereby re-alleged and incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of any offense in violation of Title 18, United States Code, Section 1341,

    **CAROLYN KRAVETZ and**
    **BORIS LEVITIN,**

shall forfeit to the United States any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred to, or sold to, or deposited with a third party;

  c. has been placed beyond the jurisdiction of this Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in subparagraphs a through e of this paragraph.

All pursuant to Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
WILLIAM CONNOLLY
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS                    August 28, 2008

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk

11